UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 1:23-cv-20455-KMM

| | |
|---|---|
| YAUMARA IZQUIERDO, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| FAROUQ, LLC d/b/a RIVERA | ) |
| SUPERMARKET, BEESAN CORP., | ) |
| YASMINE SUPERMARKET Y MAS | ) |
| CORP., SFS INVESTMENT ONE CORP., | ) |
| and SAMIR ALSELKHI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

**FIRST AMENDED COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff, YAUMARA IZQUIERDO (the "Plaintiff") and other similarly situated individuals hereby sue Defendants, FAROUQ, LLC d/b/a RIVERA SUPERMARKET, BEESAN CORP., YASMINE SUPERMARKET Y MAS CORP., SFS INVESTMENT ONE CORP., and SAMIR ALSELKHI, (together, "Defendants") and hereby allege as follows:

**JURISDICTION AND VENUE**

1.      This is an action to recover money damages for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the Act" or "FLSA"), and for wrongful, for unpaid minimum wages under the Florida Minimum Wage Act, Fla. Stat. § 448.110 and Article X § 24 of the Florida Constitution ("FMWA"), and for retaliatory discharge of an employee in violation of Section 440.205 of the Florida Statutes ("§ 440.205").

2.      This Court maintains jurisdiction over this action pursuant to 29 U.S.C. § 216(b).

3.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

4.     The Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

5.     FAROUQ, LLC d/b/a RIVERA SUPERMARKET ("Farouq"), a Florida Limited Liability Company, BEESAN CORP. ("Beesan"), a Florida Profit Corporation, YASMINE SUPERMARKET Y MAS CORP. ("Yasmine"), a Florida Profit Corporation, and SFS INVESTMENT ONE CORP. ("SFS"), a Florida Profit Corporation, (collectively, the "Corporate Defendants") are Miami-Dade County residents, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for the Corporate Defendants, and at all times material hereto were and are engaged in interstate commerce.

6.     The Individual Defendant, SAMIR ALSELKHI ("Alselkhi"), upon information and belief, resides in Miami-Dade County, Florida, and is the common individual and joint operator of all of the Corporate Defendants.

7.     The acts or omissions giving rise to this Complaint occurred in whole or in part in Miami-Dade County, Florida.

8.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the Defendants have its principal places of business within

the district, resides in the judicial district and because the employment records of the Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

9.      At all times material, the Plaintiff was employed by the Defendants as a non-exempt cashier and grocery store clerk from on or about January 2018 until on or about December 6, 2022.

10.     The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

11.     From on or about January 2018 through on or about February 2019, Plaintiff's work schedule was Monday through Sunday from 7:00 A.M. to 4:00 P.M.

12.     Plaintiff briefly ceased working for Defendants from on or about February 2019 through on or about June 2019.

13.     Upon returning to work for Defendants on or about June 2019 through on or about September 2022, Plaintiff's work schedule was Monday through Thursday from 7:00 A.M. to 4:00 P.M., and Friday through Saturday from 7:00 A.M. to 10:00 P.M.

14.     From on or about October 2022 through on or about December 6, 2022, Plaintiff's work schedule was Monday through Saturday from 7:00 A.M. to 2:00 P.M.  Plaintiff had Sundays off during this period.  However, at least one day per week in this period Plaintiff covered missed shifts by her coworkers, usually from 2:00 P.M. to 10:00 P.M.  Plaintiff sometimes covered two to three (2-3) of these shifts in a week, but always worked at least one (1) such shift per week in this time period.

15.     Throughout her entire employment, Plaintiff was paid $8.00 per hour in cash. Defendants never increased this amount despite Plaintiff working for Defendants for approximately 4 years.

16.     Plaintiff was never paid the minimum wage rates in each of 2018 ($8.25 per hour), 2019 ($8.46 per hour), 2020 ($8.56 per hour), 2021 ($8.65 from January through the end of September, then $10.00 per hour from October through December), and 2022 ($10.00 per hour from January through the end of September, then $11.00 per hour from October through December).

17.     Additionally, Plaintiff consistently worked more than forty (40) hours in a given workweek, but Defendants failed to pay Plaintiff overtime at the rate of one-and-one-half times her regular pay rate for the overtime hours she worked for Defendants.

18.     Also, Plaintiff was asked by the Individual Defendant many times to do personal cleaning work at his house, only adding to the hours per week Plaintiff worked for him.

19.     Towards the end of her employment with Defendants, Plaintiff developed an injury in her right elbow from constant lifting of heavy boxes while working for Defendants, in addition to various temperature changes that would affect her arm when she was using the oven and then using the fridge, i.e. hot to cold and vice versa.

20.     Plaintiff advised Defendants of this injury and Defendants are therefore aware of this injury.  Plaintiff requested treatment and accommodations to allow for time to treat the injury from Defendants.  Despite this, Defendants have not provided medical care or treatment for Plaintiff.

21.     Without benefits provided by Defendants, Plaintiff sought treatment on her own.

22.     Plaintiff requested days off to see her doctors and specialists, doing so as soon as approximately two weeks before her last day with Defendants.  Plaintiff did this for at least five (5) separate appointments.  However, all of Plaintiff's requests for time off to seek treatment and visit her medical providers have been denied by Defendants.  Despite this, Plaintiff never missed a day of work, but was forced to miss multiple appointments with her medical providers.

23.     Defendants threatened to fire Plaintiff if she did not complete her work, despite them knowing of her injury and need for accommodations.

24.     On or about December 6, 2022, Plaintiff again requested a day off for an appointment with a doctor to evaluate and treat her right elbow, but in direct response to this request, Defendants terminated Plaintiff.

25.     Plaintiff was terminated by Defendants in retaliation for her requests on or about December 6, 2022.

26.     Plaintiff has been seeking psychiatric care as a result of Defendants' illegal mistreatment.

27.     All conditions precedent to bringing this action have occurred, been performed or been excused.  In particular, Plaintiff served her 15-day notice letter under the FMWA on Defendants on or about January 31, 2023.

28.     The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## COUNT I: UNPAID MINIMUM WAGES (CORPORATE DEFENDANTS) – FLSA

29.  The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

30.  The Plaintiff is a covered employee for purposes of the Act.

31.  The Act is interpreted in accordance with the Fair Labor Standards Act (the "FLSA") and federal regulations and case law implementing the FLSA.

32.  This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of the Act.

33.  Section 206(a)(1) of the FLSA states: "[A]n employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, the Federal minimum wage was raised to $5.85/hr. On July 24, 2008, the Federal minimum wage was raised to $6.55/hr. On July 24, 2009, the Federal minimum wage was raised to $7.25/hr.

34.  The FLSA provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the FLSA. 29 C.F.R. § 541.4.

35.  In Florida, the minimum wage in 2020 was $8.56 per hour; in 2021, from January 1, 2021 through September 29, 2021 the minimum wage was $8.65 per hour, and from September 30, 2021 through December 31, 2021 the minimum wage was $10.00 per hour; and in 2022, from January 1, 2022 through September 29, 2021 the minimum wage was $10.00 per hour, and from September 30, 2022 through December 31, 2022, the minimum wage was $11.00 per hour.

36.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

37.     The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants jointly and severally operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the FLSA's and therefore the Act's requirements. Fla. Stat. § 448.110(3).

38.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the FLSA applies. The Corporate Defendants are a supermarket and, through their business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. The Plaintiff was employed by the Corporate Defendants as a cashier and grocery store clerk for the

Corporate Defendants' business.  The Corporate Defendant also operated computerized gambling machines in its supermarkets, which also affects interstate commerce.

39.     While employed by the Corporate Defendants, the Plaintiff worked approximately an average of forty (40) regular hours per week without being compensated at the mandatory minimum wage in Florida.[1]

40.     The Plaintiff worked for the Corporate Defendant from approximately January 2018 to December 6, 2022.  In total, the Plaintiff worked approximately 149 compensable weeks under the Act, or 257 compensable weeks if counted 5 years back from the filing of the instant action. Fla. Stat. § 95.11(2)(d).

41.     The Corporate Defendants paid the Plaintiff on average approximately $8.00 in cash per hour.

42.     However, the Corporate Defendants did not pay the Plaintiff her full minimum wage for all hours the Plaintiff worked for the Corporate Defendants.

43.     The Plaintiff seeks to recover unpaid minimum wages accumulated from the date of hire and/or from 3 years back from the date of the filing of this Complaint.

44.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid minimum wages is as follows:

     a.   Actual Damages: $7,411.60:

---

[1] Plaintiff here calculates only the first 40 hours of Plaintiff's workweek in calculating her minimum wage damages. As it relates to her overtime damages, Plaintiff states that the respective Counts of this Complaint addressing overtime violations (*infra*) will contain the damage calculations at the full minimum wage rate as the base rate for the overtime calculation.  In other words, the overtime calculation will already have adjusted Plaintiff's regular rate to the minimum wage rate.  As such, the overtime calculation will have already taken into account any minimum wage violation for Plaintiff's hours worked each week that were in excess of 40.

     i.    <u>Calculation</u>:

          I.    <u>2020</u>: $0.56 (amount needed to reach minimum wage) x 40 (regular hours per week) x 49 (compensable weeks) = $1,097.60;

          II.    <u>January 1, 2021 – September 29, 2021</u>: $0.65 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $1,014.00;

          III.    <u>September 30, 2021 – December 31, 2021</u>: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 13 (compensable weeks) = $1,040.00;

          IV.    <u>January 1, 2022 – September 29, 2022</u>: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $3,120.00;

          V.    September 30, 2022 – December 6, 2022: $3.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 9.5 (compensable weeks) = $1,140.00

    b.  Liquidated Damages: $7,411.60;

    c.  Total Damages: $14,823.20 plus reasonable attorneys' fees and costs of suit.

45.    At all times material hereto, the Corporate Defendants failed to comply with the Act in that the Plaintiff performed services and worked for the Corporate Defendants but no provision was made by the Corporate Defendants to properly pay the Plaintiff at the prevailing minimum wage.

46.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above, and the Plaintiff is entitled to recover double damages.

47.     The Corporate Defendants willfully and intentionally refused to pay the Plaintiff all of her full minimum wages as required by the laws of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

48.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.   Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

B.   Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

C.   Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID MINIMUM WAGES (INDIVIDUAL DEFENDANT) – FLSA

49.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

50.     The Plaintiff is a covered employee for purposes of the Act.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                        Facsimile: 888.270.5549

51.     At the times mentioned, the Individual Defendant was, and is now, the joint and several owner and/or operator and/or manager of the Corporate Defendants. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with her work schedule, and is jointly liable for the Plaintiff's damages.

52.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

53.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive all of his/her minimum wages as required by the laws of the State of Florida as set forth above and remains owing the Plaintiff these minimum wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

54.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of Fla. Stat. § 448.110 and the Florida Constitution; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages; and

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

**COUNT III: UNPAID OVERTIME (CORPORATE DEFENDANTS) – FLSA**

55.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

56.     The Plaintiff is a covered employee for purposes of the Act.

57.     This action is brought by the Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

58.     Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

59.     At all times pertinent to this Complaint, the Corporate Defendants jointly and severally operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used

telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

60. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.

61. Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

62. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a supermarket and, through its business activity, affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a cashier and grocery store clerk for the Corporate Defendants' business. The Corporate Defendants also operated computerized gambling machines in its supermarkets, which also affects interstate commerce.

63. From the beginning of 2020 through September 30, 2022, Plaintiff worked approximately 75 hours per week (35 overtime hours per week). From October 1, 2022 through December 6, 2022, Plaintiff worked approximately 50 hours per week (10 overtime hours per week). The Plaintiff was employed as a non-exempt cashier and grocery store clerk performing

the same or similar duties as that of those other similarly situated whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

64.     The Plaintiff worked for the Corporate Defendant from on or about January 2018 until on or about December 6, 2022. In total, the Plaintiff worked approximately 149 compensable weeks under the Act, the amount of compensable weeks if counted 3 years back from the filing of the instant action.

65.     The Corporate Defendants paid the Plaintiff $8.00 per hour, but should have been paying her at least the respective Florida minimum wage rate per hour in each calendar year.

66.     Not only did the Corporate Defendants fail to pay Plaintiff the correct minimum wage rate, the Corporate Defendants also did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

67.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 years back from the date of the filing of this Complaint.

68.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

a.  Actual Damages: $68,598.97:

    i.   Calculation:

        I.   2020: $8.56 (minimum wage rate) x 1.5 (overtime rate) x 35 (approximate number of overtime hours) x 49 (compensable weeks) = $22,020.60;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800                    Telephone: 305.503.5131
Aventura, Florida 33180                                   Facsimile: 888.270.5549

II.  January 1, 2021 – September 29, 2021: $8.65 (minimum wage rate) x 1.5 (overtime rate) x 35 (approximate number of overtime hours) x 39 (compensable weeks) = $17,710.87;

III.  September 30, 2021 – December 31, 2021: $10.00 (minimum wage rate) x 1.5 (overtime rate) x 35 (approximate number of overtime hours) x 13 (compensable weeks) = $6,825.00;

IV.  January 1, 2022 – September 29, 2022: $10.00 (minimum wage rate) x 1.5 (overtime rate) x 35 (approximate number of overtime hours) x 39 (compensable weeks) = $20,475.00;

V.  September 30, 2022 – December 6, 2022: $11.00 (minimum wage rate) x 1.5 (overtime rate) x 10 (approximate number of overtime hours) x 9.5 (compensable weeks) = $1,567.50;

b.  Liquidated Damages: $68,598.97;

c.  Total Damages: $137,197.94 plus reasonable attorneys' fees and costs of suit.

69.  At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject

to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

70.     The Corporate Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

71.     The Corporate Defendants willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

72.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A.     Enter judgment for the Plaintiff and others similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.     Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.     Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.   Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief as this Court deems equitable and just.

**COUNT IV: UNPAID OVERTIME (INDIVIDUAL DEFENDANT) – FLSA**

73.   The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

74.   The Plaintiff is a covered employee for purposes of the Act.

75.   This count is against the Individual Defendant only.

76.   This action is brought by the Plaintiff and those similarly situated to recover from the Individual Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

77.   Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

78.   Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum.

79.   Alternatively, the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

80.     By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated was/were and/or is/are engaged in interstate commerce for the Corporate Defendants.

81.     The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a supermarket and, through their business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendants as a non-exempt cashier and grocery store clerk for the Corporate Defendants' business.

82.     From the beginning of 2020 through September 30, 2022, Plaintiff worked approximately 75 hours per week (35 overtime hours per week).  From October 1, 2022 through December 6, 2022, Plaintiff worked approximately 50 hours per week (10 overtime hours per week).  The Plaintiff was employed as a non-exempt cashier and grocery store clerk performing the same or similar duties as that of those other similarly situated whom the Plaintiff observed working in excess of 40 hours per week without overtime compensation.

83.     The Plaintiff worked for the Corporate Defendant from on or about January 2018 until on or about December 6, 2022. In total, the Plaintiff worked approximately 149 compensable weeks under the Act, the amount of compensable weeks if counted 3 years back from the filing of the instant action.

84.     The Corporate Defendants paid the Plaintiff $8.00 per hour, but should have been paying her at least the respective Florida minimum wage rate per hour in each calendar year.

85.     Not only did the Corporate Defendants fail to pay Plaintiff the correct minimum wage rate, the Corporate Defendants also did not properly compensate the Plaintiff for hours that the Plaintiff worked in excess of 40 per week.

86.     The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 years back from the date of the filing of this Complaint.

87.     Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is: $137,197.94 plus reasonable attorneys' fees and costs of suit.

88.     At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Corporate Defendants to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

89.     The Individual Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and the Plaintiff and those similarly situated are entitled to recover double damages.

**SAENZ & ANDERSON, PLLC**

90.     At the times mentioned, the Individual Defendant was, and is now, the owner and/or operator and/or manager of the Corporate Defendants. The Individual Defendant was an employer of the Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including the Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided the Plaintiff with his/her work schedule, and is jointly liable for the Plaintiff's damages.

91.     The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendants' financial affairs and could cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

92.     The Individual Defendant willfully and intentionally caused the Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with the Corporate Defendants as set forth above.

93.     The Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

   A. Enter judgment for the Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

   B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

**COUNT V: RETALIATION (TERMINATION) – Fla. Stat. § 440.205**

94.     The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

95.     At all times relevant, the Plaintiff was employed by the Defendants as a cashier and grocery store clerk.

96.     On or about near the end of Plaintiff's employment with the Defendants, the Plaintiff suffered a work-related injury, namely, she injured her right elbow after repeated lifting of heavy boxes. The injury happened while the Plaintiff was working for the Defendants.

97.     The injury alleged above required medical treatment.

98.     After the work-related accident as described above, the Plaintiff reported her injuries to the Defendants and requested medical treatment.

99.     In response, Defendants did not provide treatment, and did not allow Plaintiff any accommodations or approve any of Plaintiff's requests for time off to seek treatment for her injury.

100.    On or about December 6, 2022, the Defendants fired the Plaintiff.

101.    The Plaintiff's work prior to her discharge was satisfactory or more than satisfactory.

102.    Fla. Stat. § 440.205 states: "No employer shall **discharge**, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law".

103.    The Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of the Plaintiff's employment was that the Plaintiff sought or attempted to seek compensation under the Workers' Compensation Law, as the Plaintiff was entitled to do.

104.    A motivating factor which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. Alternatively, the Plaintiff would not have been fired but for his claiming worker's compensation benefits as described above.

105.    The Defendants' termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

106.    By reason of Defendants' wrongful discharge of the Plaintiff, the Plaintiff has been damaged in that the Plaintiff has suffered lost wages and emotional distress.

107.    The Defendants' conduct in wrongfully discharging the Plaintiff was willful, wanton, and in reckless disregard of the Plaintiff's rights.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendants for all back wages from the date of discharge to the present; front wages; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## COUNT VI: UNPAID MINIMUM WAGES (CORPORATE DEFENDANTS) - FMWA

108.    The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

109.    This action is brought by Plaintiff and other similarly situated individuals to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as

liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA, and specifically under the provisions of Florida Statutes § 448.110.

110.   Defendants' business activities involve those to which the FMWA applies.

111.   Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

112.   Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid minimum wages is as follows:

    a.   Actual Damages: $7,411.60:

        i.   <u>Calculation</u>:

           I.   <u>2020</u>: $0.56 (amount needed to reach minimum wage) x 40 (regular hours per week) x 49 (compensable weeks) = $1,097.60;

          II.   <u>January 1, 2021 – September 29, 2021</u>: $0.65 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $1,014.00;

       III.   <u>September 30, 2021 – December 31, 2021</u>: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 13 (compensable weeks) = $1,040.00;

       IV.   <u>January 1, 2022 – September 29, 2022</u>: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $3,120.00;

     V.    September 30, 2022 – December 6, 2022: $3.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 9.5 (compensable weeks) = $1,140.00

b. Liquidated Damages: $7,411.60;

c. Total Damages: $14,823.20 plus reasonable attorneys' fees and costs of suit.

113. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff of these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, plaintiff is entitled to recover liquidated damages/

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Sefendant has violated the FMWA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT VII: UNPAID MINIMUM WAGES (INDIVIDUAL DEFENDANT) - FMWA

114. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

115. At the times mentioned, Individual Defendant was, and is now, a corporate officer of the Corporate Defendants.

116. Individual Defendant was an employer of Plaintiff within the meaning of the FMWA.

117.    Individual Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

118.    Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

119.    Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of her unpaid minimum wages is as follows:

a.    Actual Damages: $7,411.60:

   i.    Calculation:

   I.    2020: $0.56 (amount needed to reach minimum wage) x 40 (regular hours per week) x 49 (compensable weeks) = $1,097.60;

   II.    January 1, 2021 – September 29, 2021: $0.65 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $1,014.00;

   III.    September 30, 2021 – December 31, 2021: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 13 (compensable weeks) = $1,040.00;

   IV.    January 1, 2022 – September 29, 2022: $2.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 39 (compensable weeks) = $3,120.00;

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

    V.      September 30, 2022 – December 6, 2022: $3.00 (amount needed to reach minimum wage) x 40 (regular hours per week) x 9.5 (compensable weeks) = $1,140.00

  b.  Liquidated Damages: $7,411.60;

  c.  Total Damages: $14,823.20 plus reasonable attorneys' fees and costs of suit.

120.    Individual Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the laws of the United States and the state of Florida as set forth above, and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights; and

B.  Award the Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award the Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just.

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549

Dated: February 20, 2023.

Respectfully submitted,

By*:    /s/Max L. Horowitz*
Max L. Horowitz, Esquire
Fla. Bar No.:  118269
Email: max@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By*:    /s/Max L. Horowitz*
Max L. Horowitz, Esquire

## SERVICE LIST

Max L. Horowitz, Esq. (FBN: 118269)
Email: max@saenzanderson.com
Tanesha W. Blye, Esq. (FBN: 738158)
Email: tblye@saenzanderson.com
R. Martin Saenz, Esq. (FBN: 0640166)
Email: msaenz@saenzanderson.com
Saenz & Anderson, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

Todd W. Shulby, Esq.
Todd W. Shulby, P.A.
1792 Bell Tower Lane
Weston, FL 33326
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
tshulby@shulbylaw.com
*Counsel for Defendants*